UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CURT G. GAUTHE                                              CIVIL ACTION

VERSUS

GEORGE MERCER, ET AL.                           NO.: 15-00026-BAJ-RLB

## RULING AND ORDER

Before the Court is the **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 2)** filed by Defendants George Mercer and TG Mercer Consulting Services, Inc. (together, "Defendants") on January 29, 2015. Subsequently, on February 27, 2015, Plaintiff Curt G. Gauthe filed a **First Amended and Restated Complaint (Doc. 6)** after having been granted leave by the Magistrate Judge, (*see* Doc. 4). Defendants did not amend their motion to dismiss or file a new motion in response to Plaintiff's amended complaint.

Plaintiff's amended complaint is complete in itself and does not incorporate by reference a prior pleading. Thus, the petition originally filed by Plaintiff in state court prior to removal, (*see* Doc. 1-1), is without legal effect. *See Canal Ins. Co. v. Coleman*, 625 F.3d 244, 246 n.2 (5th Cir. 2010) (*King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)) (unless amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading, amended complaint supersedes original complaint and renders it of no legal effect).

1

Defendants' instant motion to dismiss contends that Plaintiff has failed to state a claim upon which relief may be granted. In his original petition, Plaintiff alleged an agreement that both parties intended to be formalized at a later date, but the formalization never occurred. (Doc. 1-1 at ¶¶ 6–19). Defendants argue that, even assuming to be true the facts alleged in the original petition, the alleged obligation is unenforceable as a matter of law under art. 1947 of the Louisiana Civil Code, and any claimed detrimental reliance on such a promise is unreasonable as a matter of law.[1]

In his amended complaint, Plaintiff has corrected all deficiencies identified in Defendants' motion to dismiss. Plaintiff avers that, though the parties did not create a written partnership agreement, they nonetheless entered into a partnership agreement. (*See* Doc. 6 at ¶¶ 5, 17). There is no allegation that an intended formalization never occurred. The arguments contained in Defendants' motion to dismiss are now moot in light of the filing of Plaintiff's First Amended and Restated Complaint.

---

[1] La. C.C. art. 1947 provides: "When, in the absence of a legal requirement, the parties have contemplated a certain form, it is presumed that they do not intend to be bound until the contract is executed in that form."
 A cause of action may arise from detrimental reliance, where "[a] party may be obligated by a promise when he knew or should have known that the promise would induce the other party to rely on it to his detriment and the other party was reasonable in so relying." La. C.C. art. 1967.

Accordingly,

The **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 2)** filed by Defendants George Mercer and TG Mercer Consulting Services, Inc. is **DENIED**.

Baton Rouge, Louisiana, this 8th day of May, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**