UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| CURT G. GAUTHE | CIVIL ACTION |
|---|---|
| VERSUS | NO. 15-26-BAJ-RLB |
| GEORGE MERCER, ET AL. | |

**ORDER**

Before the court is a Motion to Compel Discovery Responses and For Sanctions (R. Doc. 16) filed on August 27, 2015 by George Mercer and TG Mercer Consulting Services, Inc. ("Defendants").[1] The court previously granted Defendants' Motion to Expedite Consideration of Motion to Compel (R. Doc. 17) and ordered Plaintiff to file any opposition to the Motion to Compel on or before September 8, 2015. (R. Doc. 18). Plaintiff filed a "Motion to Withdraw or Amend Admissions" (R. Doc. 19) on September 8, 2015, and a supporting memorandum (R. Doc. 20) on September 9, 2015. Through these filings, Plaintiff opposes Defendants' Motion to Compel.

**I.    Background**

The court issued a Scheduling Order on April 20, 2015, providing that non-expert discovery must be completed by November 30, 2015. (R. Doc. 9).

On July 1, 2015, Defendants propounded Interrogatories, Requests for Production of Documents, and Requests for Admission on Plaintiff. (R. Doc. 16-2). By default, responses and/or objections to these discovery requests were required within 30 days after service of the discovery. *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A); 36(a)(3).

On August 4, 2015, defense counsel requested Rule 37(a)(1) conference on the basis that responses to the written discovery had not yet been provided. (R. Doc. 16-3). In this

---
[1] Defendant Quanta Services, Inc. is not a party to this motion.

correspondence, defense counsel asserted that objections to the propounded interrogatories were waived and the requested admissions were deemed admitted.

On August 10, 2015, the parties held a Rule 37(a)(1) conference, at which Plaintiff's counsel agreed to provide responses on or before August 17, 2015. (R. Doc. 16-4).

On August 27, 2015, Defendants filed the instant Motion to Compel, representing that Plaintiff had not provided written discovery responses at the time the motion was filed. (R. Doc. 16-1 at 2). Defendants seek an order requiring Plaintiff to provide complete responses to the propounded discovery; finding that their requests for admissions are deemed admitted by Plaintiff; finding that Plaintiff has waived objections to the interrogatories; and awarding Defendants reasonable expenses, including attorney's fees.

Plaintiff's Motion to Withdraw or Amend Admissions (R. Doc. 19) requests the withdrawal of his deemed admissions. Plaintiff's Memorandum in Support (R. Doc. 20) further requests the court not to confirm the waiver of his objections to the propounded interrogatories. Plaintiff argues that the court should allow him to withdraw his deemed admissions and object to the propounded interrogatories because Plaintiff responded to the discovery requests within two months of their service and the parties have sufficient time to complete discovery before the November 30, 2015 deadline. (R. Doc. 20 at 3). Plaintiff raises no arguments opposing Defendants' request for expenses.

On September 9, 2015, the court held a telephone status conference with the parties to discuss the pending discovery motions. (R. Doc. 21). At the conference, counsel for the parties represented that Plaintiff provided responses to the outstanding discovery requests on September 8, 2015. The parties further represented that Plaintiff specifically objected to one or two of the

2

twenty interrogatories propounded. The parties further represented that Plaintiff would only produce certain tax information if an appropriate protective order was in place.

## II.     Law and Analysis

### A.     Interrogatories and Requests for Production

There is no dispute that Plaintiff did not provide timely responses and/or objections to Defendants' discovery requests. Accordingly, the court will grant Defendants' Motion to Compel to the extent it requests an order compelling Plaintiff to respond to Defendant's Interrogatories and Requests for Production.

Defendants request that the court order Plaintiff to provide answers to the Interrogatories without any objections.[2] Failure to provide timely written answers and/or objections to interrogatories waives all objections to the interrogatories, unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). *See In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

Given the record, the court finds that Plaintiff's failure to provide timely responses was not so egregious as to merit a waiver of all objections. Plaintiff provided responses to Defendants' written discovery within 12 days of the filing of the Motion to Compel. The parties have represented that Plaintiff only specifically objected to one or two interrogatories. Because Plaintiff has not provided the court with any copies of the written responses and objections, however, the court cannot evaluate the merit of these objections. The court will, therefore, require Plaintiff to indicate to Defendants, within seven days of the date of this Order, whether any information responsive to the interrogatories was withheld on the basis of general objections not narrowly tailored to specific interrogatories. If necessary, the court will evaluate the validity

---

[2] Defendants do not make any similar request regarding the responses to their Requests for Production.

of Plaintiff's one or two objections to the interrogatories, as well as the sufficiency of Plaintiff's answers provided without objections, only after the parties first meet-and-confer to resolve the issues without court intervention and a timely motion to compel is filed.

Finally, Plaintiff represents that a single specific objection was made to Defendants' Request for Production based on the need for a protective order governing the production of confidential tax return information. The court will permit the parties to seek a protective order prior to Plaintiff providing the requested tax return information. To the extent Defendants challenge the sufficiency of Plaintiff's production, the court will address those issues only after the parties first meet-and-confer to resolve the issues without court intervention and a timely motion to compel is filed.

### B. Requests for Admission

Defendants further request an order finding that their requests for admission are admitted by Plaintiff pursuant to Rule 36(a)(3), which provides "a matters is admitted unless, within 30 days after being served, the party to whim the request [for admission] is directed serves on the requesting party a written answer or objection." There is no dispute that Plaintiff did not timely respond to Defendants' requests for admission. Because Rule 36 is self-executing, all of the requests are deemed admitted by default and an order deeming the requests admitted is unnecessary. Accordingly, to the extent Defendants seek an order that their requests for admissions are deemed admitted, the court will deny that aspect of the Motion to Compel as unnecessary.

Plaintiff seeks, through his own motion, an order withdrawing his deemed admissions. "[A] deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Rule 36 allows the court to "permit the

4

withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). Even where the two factors provided by Rule 36(b) are satisfied, the court has discretion to deny a request for leave to withdraw or amend an admission. *Carney*, 258 F.3d at 419. Any matter deemed admitted is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Fed. R. Civ. P. 36(b); *Le v. Cheesecake Factory Restaurants Inc.*, No. 06-20006, 2007 WL 715260, at *1 (5th Cir. Mar. 6, 2007). In addition to whether admissions would have the practical effect of eliminating any presentation of the merits of the case, the court may consider whether the movant has demonstrated that the merits would be served by advancing evidence showing the admission is contrary to the record of the case; whether the admission is no longer true because of changed circumstances; whether through an honest error a party has made an improvident admission; and whether the party seeking withdrawal is at fault or has been diligent in seeking withdrawal. *Le*, 2007 WL 715260, at *2 (citing cases).

In light of the record, the court finds that the two requirements of Rule 36(b) are satisfied. Defendants propounded the Requests for Admission on July 1, 2015; the requests were deemed admitted by procedural rule 30 days later; and Plaintiff provided responses and sought to withdraw the deemed admissions on September 8, 2015. Given this timeline, allowing Plaintiff to withdraw the deemed admissions and provide actual considered responses to the requests for admission will "promote the presentation of the merits of the action." Plaintiff acted with considerable diligence in seeking to withdraw the deemed admissions approximately 5 weeks after they were deemed admitted. *See Murrell v. Casterline*, No. 03-0257, 2009 WL 1788428, at *3 (W.D. La. June 22, 2009) (allowing amendment of deemed admissions in the "interests of

justice" where defendants mailed responses to requests for admissions 19 days late and did not seek to withdraw the deemed admissions until two years later).

Furthermore, Defendants have not asserted that they would be prejudiced by allowing Plaintiff to withdraw the deemed admissions. Non-expert discovery does not close until November 30, 2015, dispositive motions are not due until February 19, 2016, and trial is not set to begin until June 23, 2016. (R. Doc. 9 at 2). Defendants will have sufficient time and opportunity to challenge any requests for admission denied by Plaintiff through the discovery process. *See N. Louisiana Rehab. Ctr., Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (finding no prejudice to plaintiff in allowing withdrawal of admission where there was "adequate time before trial to conduct limited discovery" on the issue addressed in the request for admission).

Based on the foregoing, the court will allow Plaintiff to withdraw the deemed admissions and provide responses in good faith. Plaintiff has indicated that such responses were provided on September 8, 2015.

**C.     Expenses**

Rule 37 provides that if a motion to compel "is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment, however, if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure,

response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." *Id*.

Although provided an opportunity to respond to Defendants' request for expenses pursuant to Rule 37(a)(5)(A), Plaintiff has made no argument opposing an award of reasonable expenses in light of his failure to provide timely written discovery responses. There is no dispute that the requested discovery was not provided until after Defendants filed their Motion to Compel. The exceptions to the required award of sanctions do not apply. Accordingly, the court will order Plaintiff to pay the reasonable expenses incurred by Defendants in bringing their motion, including an award of reasonable attorney's fees.

Defendants have not provided any information regarding the expenses occurred in bringing the instant Motion to Compel. The parties shall meet-and-confer in an attempt to reach an agreement on reasonable expenses. If the parties cannot reach an agreement, then Defendants shall file an affidavit of reasonable expenses occurred in bringing its Motion to Compel. Plaintiff shall have an opportunity to dispute the reasonableness of the expenses sought through such an affidavit.

## III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendants' Motion to Compel (R. Doc. 16) is **GRANTED in part and DENIED in part**. To the extent Plaintiff has not already provided complete responses and/or objections to Defendants' Interrogatories and Requests for Production, Plaintiff must provide such responses and/or objections no later than **September 17, 2015**. Plaintiff shall provide a written statement to Defendants no later than **September 17, 2015** indicating whether

any information responsive to Defendants' Interrogatories was withheld on the basis of general objections not narrowly tailored to specific interrogatories.

**IT IS FURTHER ORDERED** that Defendants are awarded reasonable expenses, including attorney's fees, pursuant to Rule 37(a)(5)(A).  The parties shall meet-and-confer in an attempt to reach an agreement on the reasonableness of such expenses.  If an agreement cannot be reached, Defendants shall submit an affidavit of reasonable expenses occurred in bringing their Motion to Compel no later than **September 17, 2015**.  Plaintiff may file an appropriate response to the affidavit challenging the reasonableness of the expenses sought no later than **September 21, 2015**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Withdraw or Amend Admissions (R. Doc. 19) is **GRANTED.**

Signed in Baton Rouge, Louisiana, on September 11, 2015.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**