UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CURT G. GAUTHE                                           CIVIL ACTION

VERSUS

GEORGE MERCER, ET AL.                         NO.: 15-00026-BAJ-RLB

RULING AND ORDER

Before the Court is a **Motion for Summary Judgment (Doc. 25)** filed by Defendants George Mercer and T.G. Mercer Consulting Services, Inc. (collectively, "Defendants"). The motion is unopposed. (*See* Doc. 31). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. For the reasons explained herein, Defendants' motion is **GRANTED**.

I.  BACKGROUND

Plaintiff Curt G. Gauthe ("Plaintiff") alleges that he is, pursuant to an oral partnership agreement, entitled to unspecified damages based upon Defendants' sale of an entity known as AIM Logistics. (*See* Doc. 6). More specifically, Plaintiff alleges that he was a partner in AIM Logistics, and that Defendants' failure to consult him in the sale thereof violated LA. CIV. CODE ANN. art. 2807. (*See id.*).

Defendants assert that no such partnership existed and that Plaintiff was simply one of their employees at all times relevant to this Ruling and Order. (*See* Doc. 25-1 at p. 2).

1

## II.  LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element

essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)

### III.  DISCUSSION

Discovery is now closed, (*see* Doc. 9) and Plaintiff has "not come forward with any evidence" whatsoever, (*see* Doc. 25-2 at ¶ 4). *See also Stagliano v. Cincinnati Ins. Co.*, No. 15-10137, 2015 WL 8592720, at *2 (5th Cir. Dec. 11, 2015) (When the nonmoving party will bear the burden of proof at trial, the movant satisfies its burden by pointing to "the absence of evidence supporting the nonmoving party's case. The burden then shifts to the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.").

The record, in fact, reflects that Plaintiff admitted, pursuant to Defendants' discovery request, that he did not share in AIM Logistics' profits and losses. (*See* Doc. 25-4 at p. 4). That alone warrants the dismissal of this cause of action. *See Johnson v. Antoine*, 98-1285, pp. 3—4 (La. App. 5 Cir. 5/19/99); 735 So. 2d 856, 858 (wherein the court notes that in order to establish the existence of a partnership without a written agreement, Plaintiff must, *inter alia*, establish that the parties "agreed to share in the losses as well as the profits of the partnership").

3

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 25)** is **GRANTED**.

**IT IS FURTHER ORDERED** that all claims against Defendants George Mercer and TG Mercer Consulting Services, Inc. are **DISMISSED WITH PREJUDICE**[1] pursuant to Rule 56.

Baton Rouge, Louisiana, this 19th day of April, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[1] All claims against Defendant Quanta Services, Inc. were previously dismissed without prejudice pursuant to Rules 12(b)(4) and 12(b)(5). *See* Doc. 24.